UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN TEEMAN, Individually, and as a Shareholder on Behalf of Teeman Perley Gilmartin, Inc., <br><br>Plaintiff, <br><br>v. <br><br>MARYBETH GILMARTIN and AMY ARCHER <br>Defendants. | CIVIL ACTION NO. <br>07 CIV 9676 <br><br><br><br><br><br><br><br><br>NOVEMBER 7, 2007 |

## AFFIDAVIT OF MARYBETH GILMARTIN

STATE OF CONNECTICUT)
                     )   ss: STAMFORD
COUNTY OF FAIRFIELD  )

Personally appeared, MARYBETH GILMARTIN, being duly sworn, who deposes and says as follows:

1. I am over the age of 18 years and believe in the obligations of an oath.

2. I am a shareholder of TEEMAN PERLEY GILMARTIN, INC. ("TPG"), a corporation organized and existing under the laws of the State of New York.

3. TPG is an executive search firm conducting business on a global basis.

4. SUSAN TEEMAN ("TEEMAN") formerly was a shareholder of TPG.

5. In January of 2004, I entered into a Shareholders' Agreement with TEEMAN and TPG incorrectly dated as of January 1, 2003. A copy of the Shareholders' Agreement is attached hereto as Exhibit A. The copy attached hereto as Exhibit attached hereto as Exhibit A is a true and accurate copy of the Shareholders' Agreement, with the exception of the handwritten

alterations in Article 2.2(a) set forth on page 2, which were not on the agreement when I signed it.

6. The Shareholders 'Agreement contains an arbitration clause at Article 13.15 which provides that "all disputes arising in connection with this Agreement shall be resolved by binding arbitration in accordance with the applicable rules of the American Arbitration Association."

7. Subsequent to the execution of the Shareholders' Agreement, it is my understanding that TEEMAN suffered a disability that prevented her from performing her duties as officer and director as set forth in the Shareholders' Agreement.

8. A dispute arose between TEEMAN and me relative to the compensation, management responsibilities, and transfers of shares as contemplated by the Shareholders' Agreement.

9. On or about September 5, 2007, TEEMAN submitted a Demand for Arbitration against me and TPG under the arbitration clause of the Shareholders' Agreement. A copy of the Demand for Arbitration is attached hereto as Exhibit B. The American Arbitration Association assigned Case Number 13 180 Y 1856 07 to the dispute.

10. The Demand for Arbitration claimed that I breached my fiduciary duties to TPG by diverting funds and assets of TPG, that I tortiously interfered with TEEMAN's rights to income and debt repayment, and that TPG breached its contractual obligations to pay TEEMAN, which claims I deny. The Demand for Arbitration also sought a declaration that a certain "Triggering Event" had not occurred under the Shareholders' Agreement.

11. Following the Demand for Arbitration, TEEMAN and I executed a document entitled "Agreement Pending Between Gilmartin and Teeman Arbitration" (hereinafter "Standstill Agreement." A copy of the Standstill Agreement is attached hereto as Exhibit C.

12. The Standstill Agreement provided for certain payments to be made to TEEMAN, which payments were made. It also contained an agreement that TEEMAN and I would mediate our disputes prior to proceeding with an arbitration hearing, as well as an agreement that TEEMAN would not file any action seeking injunctive relief. Finally, the Standstill Agreement provided that TEEMAN would provide me and my counsel with authorizations to obtain information and records regarding her disability status, together with an agreement to submit to a medical examination relative to her disability status under the Shareholders' Agreement.

13. In connection with the Demand for Arbitration, my attorneys and TEEMAN's attorney had a conference call with Jonathan Weed, the case manager for the arbitration, on October 22, 2007, wherein the parties agreed that the administrative conference call and deadline for TPG and I to answer the Demand would be postponed until October 29, 2007. Mr. Weed confirmed the discussions in an e-mail to my counsel, a copy of which is attached as Exhibit D.

14. On October 29, 2007, my attorneys and TEEMAN's attorney had another conference call with Jonathan Weed, the case manager for the arbitration, wherein the parties agreed that the administrative conference call and deadline for TPG and I to answer the Demand would be postponed until December 3, 2007. Mr. Weed confirmed the discussions in an e-mail to my counsel, a copy of which is attached as Exhibit E.

.15. On October 31, 2007, despite the fact that there was a pending arbitration filed by TEEMAN against me and TPG for the same claims, despite the fact the we had a Standstill Agreement whereby we agreed to mediate before an arbitration hearing, and despite the fact that

two days earlier TEEMAN had agreed that I had until December 3, 2007 to answer the Demand for Arbitration, TEEMAN filed the instant complaint against me making the same claims asserted in the Demand for Arbitration.

16. In this case, TEEMAN has also added a claim against Amy Archer ("ARCHER"), TPG's bookkeeper, alleging that in her position as bookkeeper she aided and abetting a fraudulent diversion of funds from TPG to me. All allegations against ARCHER relate to her conduct in her position as an employee of TPG.

17. Attached hereto as Exhibit F are the Answer and Counterclaims my counsel has filed on my behalf and on behalf of TPG in the Arbitration proceeding.

18. I am making this affidavit in support of Defendants' Motion to Dismiss this case, or in the alternative to Stay Proceedings and Compel Arbitration.

MARYBETH GILMARTIN

Subscribed and sworn to
before me this 7th day of
November, 2007.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires:

Donald R. Kiefer
Notary Public
79 E. Putnam Ave., Greenwich, CT 06830
Commission expires Feb. 28, 2012

## **CERTIFICATION**

      I hereby certify that on November 8, 2007 a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Judd Burstein, Esq.
Judd Burstein, P.C.
1790 Broadway, Suite 1501
New York, NY 10019

                                                                     /s/_____
                                                                 Jonathan P. Whitcomb