UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUSAN TEEMAN, individually, and as a
shareholder on behalf of Teeman Perley Gilmartin,
Inc.,

                        *Plaintiff,*

               – against –

MARYBETH GILMARTIN and AMY ARCHER,

                       *Defendants.*
-------------------------------------------------------------X

Case No: 07-CV-9676

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

[FILE COPY stamp; RECEIVED NOV 09 2007 U.S.D.C. S.D.N.Y. CASHIERS stamp]

       Plaintiff SUSAN TEEMAN, individually, and as a shareholder on behalf of Teeman Perley Gilmartin, Inc., by her attorneys, Judd Burstein, P.C., as and for her Amended Complaint, alleges as follows:

### JURISDICTION AND VENUE

       1.     This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1964 and principles of pendent jurisdiction.

       2.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) and 18 U.S.C. § 1965(a).

### THE PARTIES

       3.     Plaintiff Susan Teeman ("Plaintiff") is a citizen of the State of New York. She is a 50% shareholder in nominal Plaintiff Teeman Perley Gilmartin, Inc. ("TPG").

       4.     TPG is a corporation duly organized under the laws of the State of New York, with a principal place of business in New York, New York. It is engaged in the executive placement business.

5. On information and belief, Defendant Marybeth Gilmartin ("MBG") is a citizen of the State of Connecticut. She is the other 50% shareholder in TPG.

6. On information and belief, Defendant Amy Archer ("Archer") is a citizen of the State of New York. She is an employee of TPG, and is responsible for supervising and maintaining TPG's financial transactions and bookkeeping. On information and belief, the source of which is the fact that she is an employee of TPG who works under the direct supervision of MBG, all misconduct by Archer as alleged in this Amended Complaint was at the direction of MBG.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7. Commencing in January of 2003, and continuing until at least October 30, 2007, MBG and Archer (collectively "Defendants") engaged in a scheme to defraud Plaintiff, TPG, as well as federal and state taxing authorities, by looting TPG through the use of TPG funds to pay MBG's personal, non-business related expenses. Thereafter, Archer, at MBG's direction, provided accountings to TPG's accountant which falsely listed these personal expenses as legitimate business expenses of TPG. TPG's accountant then filed United States and New York State tax returns which MBG and Archer knew were fraudulent. On information and belief, MBG and Archer then used a stamp of Plaintiff's signature when submitting the tax returns to the Internal Revenue Service and the New York State taxing authorities. Finally, in October of 2007, on information and belief, MBG and Archer directed David Yoshida ("Yoshida"), an accountant who is a defendant in a companion case, to alter the books and records of TPG so as to fraudulently reduce the amount of monies due to Plaintiff in repayment of loans she made to TPG.

8. As of January 1, 2003, Plaintiff, although capable of performing as both the President and/or Secretary, as well as a Director of TPG, ceded complete control of TPG's day-to-day affairs, including control of all of TPG's financial affairs, to MBG.

9. Thereafter, MBG commenced looting TPG, as noted above, through the use of TPG funds to pay her personal, non-business related expenses. Archer aided and abetted this fraud by actually paying MBG's expenses and/or falsely categorizing those personal expenses as legitimate business expenses in TPG's books and records. This fraud was hidden from Plaintiff.

10. Annexed hereto as Exhibit A, and incorporated by reference herein, is a detailed listing of some of those personal expenses paid by Archer in furtherance of the fraud, the date of the payment, and the payee. On information and belief, all of these payments – other than some of the payments made directly to MBG – were transmitted to the payees through the United States mail or by overnight delivery service.

11. On information and belief, the sources of which include the fact that these expenses are so obviously non-business related, both MBG and Archer knew that the payments were falsely categorized as business expenses and intended that the books and records of TPG falsely characterize them as such.

12. On or about April 18, 2006, TPG electronically filed 2005 United States and New York State tax returns – either by mail or by a wire transmission – which falsely listed the expenditures set forth in Exhibit A hereto as legitimate business expenses. These submissions were intended to defraud United States and New York State taxing authorities. These returns were based upon accountings provided by Archer, at MBG's direction, to Yoshida.

13. On or about April 23, 2007, TPG electronically filed 2006 United States and New York State tax returns – either by mail or by a wire transmission – which falsely listed the expenditures set forth in Exhibit A hereto as legitimate business expenses. These submissions were intended to defraud United States and New York State taxing authorities. These returns were based upon accountings provided by Archer, at MBG's direction, to Yoshida.

14. On information and belief, MBG and Archer fraudulently used a stamp of Plaintiff's signature when submitting the 2005 and 2006 fraudulent tax returns to the Internal Revenue Service and the New York State taxing authorities. The source of this information and belief includes the facts that (a) Plaintiff has no recollection of signing TPG's tax returns, (b) as late as September 30, 2007, after Plaintiff had been frozen out of TPG by MBG, all of TPG's checks bore the stamped signature of Plaintiff, and (c) on or about October 30, 2007, Yoshida told Paul Vasil ("Vasil"), an accountant retained by counsel for MBG and TPG, that he believed that Plaintiff had signed TPG's tax returns.

15. During the month of October 2007, MBG and Plaintiff were negotiating an agreement pursuant to which, *inter alia*, Plaintiff would surrender her shares in TPG and TPG would at the same time repay all loans previously made by Plaintiff to TPG. On or about October 17, 2007, Archer, at MBG's direction, sent an e-mail to Defendants' counsel (then forwarded by e-mail to Plaintiff's counsel) in which she represented to Plaintiff that TPG's books and records reflected $492,240 in loans made to TPG by Plaintiff in 2001 through 2003. Thereafter, sometime between October 17 and October 30, 2007, MBG and Archer, on information and belief, directed Yoshida to fraudulently alter the books and records of TPG to falsely reflect that $50,000 of those loans had been repaid to Plaintiff. The source of this information and belief is a November 7, 2007 e-mail

from Vasil to counsel to TPG and MBG (and then forwarded by Defendants' counsel by e-mail to counsel for Plaintiff) in which Vasil reported that Yoshida claimed that he had altered the books and records of TPG because Archer had directed him to do so.

## FIRST CLAIM FOR RELIEF

16. Plaintiff repeats and realleges the allegations contained in all preceding Paragraphs as if fully and completely set forth herein.

17. TPG is a racketeering enterprise as that term is defined by 18 U.S.C. § 1961(4). In that TPG maintains offices in at least New York, Connecticut, and London, England, and also provides services to clients located outside of the State of New York, the affairs of TPG affect interstate and foreign commerce.

18. MBG, by reason of her control of the day-to-day affairs of TPG, controls and operates TPG.

19. Archer, by reason of her role as the bookkeeper and as the person who prepares the checks at TPG, participated in the operation of TPG.

20. From 2003 to date, MBG and Archer knowingly and intentionally participated in the schemes to defraud that are alleged above in Paragraphs 7-15. In furtherance of those schemes, Defendants caused at least the following mail and wire communications to be made in violation of 18 U.S.C. §§ 1341 and 1343:

   a. The mailing or overnight delivery of the checks (other than those paid directly to MBG) listed in Exhibit A and incorporated by reference herein;

   b. The electronic filings of TPG's 2005 and 2006 tax returns;

  c. Numerous telephone calls between Archer in New York and MBG in Connecticut, Massachusetts and London, England;

  d. Numerous telephone calls between Archer in New York and Yoshida in Massachusetts;

  e. The mailing, overnight delivery, faxing and/or e-mailing of TPG financial information by Archer in New York to Yoshida in Massachusetts; and

  f. The e-mails referenced in Paragraph 15 above.

  21. Each of these communications served to further the schemes to defraud set forth above, although the content of any particular communication may not have been fraudulent. Each wire transmission was a separate violation of 18 U.S.C. § 1343 by Defendants, and each communication sent by mail or overnight delivery was a separate violation of 18 U.S.C. § 1341 by Defendants. As such, each of these statutory violations were separate racketeering activities as that term is defined by 18 U.S.C. § 1961(1).

  22. The racketeering acts committed by Defendants were related in that they were all part of the same fraudulent schemes involving TPG. They also had continuity in that they spanned a period of more than four years and, further, would have continued but for this action.

  23. As a result thereof, Defendants have engaged in a pattern of racketeering activity as that term is defined by 18 U.S.C. § 1961(5), and participated in TPG through that pattern of racketeering activity.

  24. TPG has been injured in its property and business and is entitled to recover three times its actual damages as determined at trial, plus attorneys' fees.

25.   No demand to commence this action directly against MBG and Archer has been made upon TPG's Board of Directors. Such demand would be futile in that MBG is one of only two Directors of TPG.

## SECOND CLAIM FOR RELIEF

26.   Plaintiff repeats and realleges the allegations contained in all preceding Paragraphs as if fully and completely set forth herein.

27.   By reason of the foregoing, Defendants herein have violated 18 U.S.C. § 1962(d).

28.   TPG has been injured in its property and business and is entitled to recover three times its actual damages as determined at trial plus attorneys' fees.

29.   No demand to commence this action directly against MBG and Archer has been made upon the Board of Directors. Such demand would be futile in that MBG is one of only two Directors of TPG.

## THIRD CLAIM FOR RELIEF

30.   Plaintiff repeats and realleges the allegations contained in all preceding Paragraphs as if fully and completely set forth herein.

31.   By reason thereof, MBG and Archer have each breached their fiduciary obligations to TPG, and TPG has been damaged thereby in an amount to be determined at trial. Further, pursuant to, *inter alia, Phansalkar v. Andersen Weinroth & Co.*, L.P., 344 F.3d 184 (2d Cir. 2003), all of MBG's and Archer's compensation received from TPG after their first breach of fiduciary duty should be forfeited.

32.   In addition, because Defendants' conduct was wanton, willful and malicious, punitive damages in the amount of no less than $3,000,000 should be awarded.

## FOURTH CLAIM FOR RELIEF

33. In addition to her duties for TPG, Archer also performed personal services for Plaintiff, such as arranging for Plaintiff's home insurance. As such, she owed a fiduciary duty to Plaintiff.

34. On information and belief, Archer breached her fiduciary duty to Plaintiff by engaging in self-interested transactions, including arranging for Plaintiff to purchase excessively expensive home insurance for which her brother was the broker, and aiding MBG in her efforts to defraud Plaintiff.

35. On information and belief, MBG knowingly participated in that breach.

36. By reason thereof, Plaintiff has been damaged thereby in an amount to be determined at trial.

37. In addition, because Defendants' conduct was wanton, willful and malicious, punitive damages in the amount of no less than $3,000,000 should be awarded.

## FIFTH CLAIM FOR RELIEF

38. Plaintiff repeats and realleges the allegations contained in all preceding Paragraphs as if fully and completely set forth herein.

39. By reason of the foregoing, Defendants have been unjustly enriched at the expense of TPG and Plaintiff.

40. By reason of this unjust enrichment, Defendants must be required to pay TPG and Plaintiff amounts to be determined at trial.

WHEREFORE, Plaintiff demands judgment as follows:

A. On Plaintiff's First and Second Claims for Relief, damages awarded against Defendants and in favor of TPG in an amount to be determined at trial, and then trebled, plus reasonable attorneys' fees.

B. On Plaintiff's Third Claim for Relief, damages in favor of TPG against Defendants in an amount to be determined at trial, including forfeiture of Defendants' compensation, plus punitive damages believed to exceed $3,000,000.

C. On Plaintiff's Fourth Claim for Relief, damages in favor of Plaintiff against Defendants in an amount to be determined at trial, plus punitive damages believed to exceed $3,000,000.

D. On Plaintiff's Fifth Claim for Relief, disgorgement to TPG and Plaintiff of monies by which Defendants have been unjustly enriched.

E. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 8, 2007

Yours, etc.,

JUDD BURSTEIN, P.C.

By: _____
Alexander M. Levy (AL-2351)
1790 Broadway, Suite 1501
New York, New York 10019
(212) 974-2400
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SUSAN TEEMAN, individually, and as a
shareholder on behalf of Teeman Perley Gilmartin,
Inc.,                                                                       Case No: 07-CV-9676

         *Plaintiff,*

                   **AFFIDAVIT OF SERVICE**

  -- against --

                   **JURY TRIAL DEMANDED**

MARYBETH GILMARTIN and AMY ARCHER,

         *Defendants.*
-----------------------------------------------------------X


STATE OF NEW YORK      )
                ) ss.:
COUNTY OF NEW YORK     )


  PAUL GUZMAN, being sworn, deposes and says:

  The deponent is not a party to this action, is over 18 years of age and resides in New York, New York. On November 9, 2007 I served the Amended Complaint
Upon:
        MaryBeth Gilmartin
        237 Lake Avenue
        Greenwich, Connecticut 06830

        Amy Archer
        490 Bleeker Avenue Apt # 4N
        Mamaroneck, New York 10543

by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper marked "Personal & Confidential" and with no return address by **REGULAR MAIL** in a post office/official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

                       PAUL GUZMAN

Sworn to before me this
9th of November, 2007

_____
Notary Public

MATTHEW DEOREO
Notary Public, State of New York
No. 02DE6046082
Qualified in New York County
Commission Expires August 7, 20 16

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK  )

        PAUL GUZMAN, being duly sworn, deposes and says, that deponent is not a party to this action, is over 18 years of age and resides at Rego Park, New York; that on the 9th day of November, 2007, deponent served the Amended Complaint
Upon:

        Jonathan P. Whitcomb, Esq.
        Diserio Martin O'Connor & Castiglioni LLP
        One Atlantic Street
        Stamford, Connecticut 06901-2402

by depositing a true copy of same enclosed in a post-paid, properly addressed envelope, by **REGULAR MAIL** in a post office/official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

                                              _____
                                              PAUL GUZMAN

Sworn to before me this
9th day of November, 2007

_____
Notary Public

JULIAN A. DAVILA
Notary Public, State of New York
No. 01DA6056019
Qualified in Queens County
Commission Expires 3/12/20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUSAN TEEMAN, individually, and as a
Shareholder on behalf of Teeman, Perley Gilmartin, Inc.    **Case No.**
                                                           **07Civ.9676**
                     Plaintiffs,

    -v-
                                                                 **AFFIDAVIT OF**
MARYBETH GILMARTIN and AMY ARCHER        **SERVICE**
                     Defendants,

---

STATE OF NEW YORK)
COUNTY OF NEW YORK} ss.:

Ian Thomson, being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age and reside at New York, NY:

On November 8, 2007 at 4:55 p.m. at 230 Park Avenue, Suite 2425, New York, NY 10169, I served the within AMENDED COMPLAINT on MARYBETH GILMARTIN, defendant therein named, by delivering a true copy of same to Ms. LINDSAY, (EMPLOYEE), a person of suitable age and discretion.

On November 9, 2007, I mailed a copy of the above documents to the defendant c/o Teeman, Perley, Gilmartin, Inc, 230 Park Avenue, Suite 2425, New York, NY 10169 her actual place of business, by enclosing it in an envelope, postage prepaid, and depositing it in an official depository under the exclusive care of the United States Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address of otherwise, that the communication was from an attorney or concerned an action against the defendant.

The person served is a white female, blonde hair, 35-45 years old, 5'7"-5'9", 140-160 pounds.

                                                                  _____
                                                                  Ian Thomson
                                                                  License No. 1150441

Sworn to before me this
9th day of November 2007.

_____
NOTARY PUBLIC



139 Fulton Street, New York, NY 10038
Tel: 212-393-9070 • 800-393-1277 • Fax: 212-393-9796

BRUCE LAZARUS
NOTARY PUBLIC-STATE OF NEW YORK
No. 4990593
Qualified in Westchester County
My Commission Expires January 13, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUSAN TEEMAN, individually, and as a
Shareholder on behalf of Teeman, Perley Gilmartin,Inc.

                Plaintiffs,

   -v-

MARYBETH GILMARTIN and AMY ARCHER
                Defendants,

Case No.
07Civ. 9676

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK)
COUNTY OF NEW YORK} ss.:

Ian Thomson, being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age and reside at New York, NY:

On November 8, 2007 at 4:55 p.m. at 230 Park Avenue, Suite 2425, New York, NY 10169, I served the within AMENDED COMPLAINT on AMY ARCHER, defendant therein named, by delivering a true copy of same to Ms. LINDSAY, (EMPLOYEE), a person of suitable age and discretion.

On November 9, 2007, I mailed a copy of the above documents to the defendant c/o Teeman, Perley, Gilmartin, Inc, 230 Park Avenue, Suite 2425, New York, NY 10169 her actual place of business, by enclosing it in an envelope, postage prepaid, and depositing it in an official depository under the exclusive care of the United States Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address of otherwise, that the communication was from an attorney or concerned an action against the defendant.

The person served is a white female, blonde hair, 35-45 years old, 5'7"-5'9", 140-160 pounds.

                                                    Ian Thomson
                                                    License No. 1150441

Sworn to before me this
9th day of November 2007.

NOTARY PUBLIC

BRUCE LAZARUS
NOTARY PUBLIC-STATE OF NEW YORK
No. 4990593
Qualified in Westchester County
My Commission Expires January 19, 2010

*LegalEase Inc.*

139 Fulton Street, New York, NY 10038
Tel: 212-393-9070 • 800-393-1277 • Fax: 212-393-9796

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUSAN TEEMAN, individually, and as a
Shareholder on behalf of Teeman, Perley Gilmartin, Inc.

                            Plaintiffs,

    -v-

MARYBETH GILMARTIN and AMY ARCHER
                            Defendants,

**Case No.
07 Civ. 9676**

**AFFIDAVIT OF
SERVICE**

---

STATE OF NEW YORK)
COUNTY OF NEW YORK} ss.:

Bruce Lazarus, being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age and reside at New York, NY:

On November 8, 2007 at 8:55 p.m. at 237 Lake Avenue, Greenwich, CT 06830, I served the within AMENDED COMPLAINT on MARYBETH GILMARTIN, defendant therein named, by serving a true copy of same to ROSE ASABA, a person of suitable age and discretion, at the defendant's place of residence.

On November 9, 2007, I mailed a copy of the above documents to the defendant at 237 Lake Avenue, Greenwich, CT 06830, her actual place of residence, by enclosing it in an envelope, postage prepaid, and depositing it in an official depository under the exclusive care of the United States Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address of otherwise, that the communication was from an attorney or concerned an action against the defendant.

The person served was a black female, black hair, 25-35 years old, 5'5"-5'7", 150-160 Pounds.

                                                      Bruce Lazarus
                                                      License No. 778916

Sworn to before me this
9th day of November 2007.

NOTARY PUBLIC

JULIO DELARA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DE6119206
Qualified in New York County
Commission Expires November 29, 2008

*LegalEase Inc.*

139 Fulton Street, New York, NY 10038
Tel: 212-393-9070 • 800-393-1277 • Fax: 212-393-9796

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUSAN TEEMAN, individually, and as a
Shareholder on behalf of Teeman, Perley Gilmartin, Inc.

Plaintiffs,

-v-

MARYBETH GILMARTIN and AMY ARCHER

Defendants,

Case No.
07Civ. 9676

**AFFIDAVIT OF SERVICE**

---

STATE OF NEW YORK)
COUNTY OF NEW YORK} ss.:

Bruce Lazarus, being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age and reside at New York, NY:

On November 8, 2007 at 8:20 p.m. at 490 Bleeker Avenue, Mamaroneck, New York 10543, I served the within AMENDED COMPLAINT on AMY ARCHER, defendant therein named, by posting a true copy of same to the last place of entry to the apartment building.

On November 9, 2007, I mailed a copy of the above documents to the defendant at 490 Bleeker Avenue, Mamaroneck, NY 10543 apt. 4N, her actual place of residence, by enclosing it in an envelope, postage prepaid, and depositing it in an official depository under the exclusive care of the United States Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address of otherwise, that the communication was from an attorney or concerned an action against the defendant.

I spoke with a female occupant in Ms. Archers apartment who refuse me entry to the apartment after I explained the nature of my business.

Bruce Lazarus
License No. 778916

Sworn to before me this
9th day of November 2007.

NOTARY PUBLIC

NOTARY PUBLIC-STATE OF NEW YORK
JULIO DELARA
No. 01DE6119206
Qualified in New York County
Commission Expires November 20, 2009

39 Fulton Street, New York, NY 10038
Tel: 212-393-9070   •   800-393-1277   •   Fax: 212-393-9796

LegalEase Inc.